IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF LABOR; U.S. OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS; EUGENE SCALIA, Secretary of the U.S. Department of Labor; CRAIG E. LEEN, in his official capacity as Director of the U.S. Office of Federal Contract Compliance Programs<br><br>   Defendants. | Case No. 19-cv-3574 (APM) |

**PLAINTIFF'S RESPONSE TO PROPOSED INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING THEIR MOTION TO INTERVENE**

Plaintiff Oracle America, Inc. respectfully submits this response to Proposed Intervenors' July 22, 2020 Notice of Supplemental Authority in Support of Motion to Intervene, ECF No. 39 ("Notice"), which cites a footnote in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, No. 19-431 (U.S. July 8, 2020). The *Little Sisters* footnote, at 13 n.6, is far from dispositive; Proposed Intervenors' motion to intervene should still be denied.

*Little Sisters* stated that a party seeking to intervene on appeal on the plaintiff's side need not show standing if it does not pursue relief "broader than or different from" the plaintiff already invoking the court's jurisdiction. Slip op. 13 n.6. Before *Little Sisters*, the D.C. Circuit's "settled precedent" imposed the blanket rule "that all intervenors must demonstrate Article III standing." *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 n.2 (D.C. Cir. 2018). While *Little Sisters* shows that a plaintiff-intervenor need not show standing in certain

1

circumstances to appeal alongside the party-plaintiff, Proposed Intervenors are not like the intervenors in *Little Sisters*:  They seek to intervene on the side of *Defendants*, U.S. Department of Labor, et al., and to do so in trial-court proceedings.  The strength of the D.C. Circuit's intervenor-standing rule counsels against overreading *Little Sisters* to reach these facts.  *See id.*; *see also Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 195 (D.C. Cir. 2013) (Silberman, J., concurring) (cautioning against "dispens[ing] with the standing requirement for a defendant-intervenor" of right or permission); *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997) ("[D]istrict judges, like panels of this court, are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court, overrule it.").

Moreover, despite Proposed Intervenors' reliance on *Little Sisters*, they do not deny that the same obstacles that would preclude them from having standing (if it were considered) preclude a showing of interest under Rule 24.  *See Defs. Of Wildlife v. Perciasepe*, 714 F.3d 1317, 1322-23 (D.C. Cir. 2013) (identifying "four elements" for intervention as of right under Rule 24(a)(2), including (2) "the party must have an interest relating to the property or transaction which is the subject of the action" and (3) "the party must be so situated that the disposition of the action may, as a practical matter, impair or impede [its] ability to protect that interest").  As Oracle's Opposition to the Motion to Intervene demonstrated, Proposed Intervenors cannot show the interest necessary for intervention.  ECF No. 14 at 17-20.  Proposed Intervenors also undermine their case for intervention when they acknowledge that they do not seek anything "different from" the government Defendants.  Notice at 2 (quoting *Little Sisters*, slip op. at 13 n.6).  That concession further demonstrates that "existing parties adequately represent [Proposed Intervenors'] interest," Fed. R. Civ. P. 24(a)(2), as evident by the government's full-throated defense in this litigation, including its filing of a motion to dismiss

and a motion for summary judgment. The very concern that the Administration would not defend against this litigation—which was what animated the request to intervene in the first place—has not materialized. For these same reasons, there is no basis to permit intervention, either.

Dated: August 5, 2020	Respectfully submitted,

/s/ Andrew D. Silverman
Andrew D. Silverman (D.C. Bar No. 1013835)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:	+1 212 506 5000
Facsimile:	+1 212 506 5151
asilverman@orrick.com

Robbie Manhas (D.C. Bar No. 1029976)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone:	+1 202 339 8400
Facsimile:	+1 202 339 8500
rmanhas@orrick.com

*Counsel for Plaintiff*